GABRIEL PALERM, Petitioner, *v.* DISTRICT COURT OF SAN JUAN, Respondent.

No. 835. Argued May 23, 1932.—Decided July 22, 1932.

*E. Rincón* and *L. Muñoz Morales* for the petitioner. *Carlos J. Torres* for plaintiff in the main action.

MR. JUSTICE ALDREY delivered the opinion of the Court.

In an ordinary action to recover a certain sum of money secured by a mortgage on a house and lot it was alleged that the debtor had bound himself to keep the house insured against fire, that the house was destroyed by a fire, and that the insurer has agreed with the defendant to pay a certain sum of money as proceeds of the insurance. Plaintiff moved for the attachment of said proceeds, and the writ was issued.

Subsequently, the defendant filed a petition stating that the money had been attached while in the hands of the insurance company and offered a bond to release the attachment. The district court by an order denied the petition of the defendant, who instituted in this Court certiorari proceedings to review said order. The writ issued, and we heard the parties.

According to sections 110 and 111 of the Mortgage Law, a mortgage extends to the value of indemnities granted or due the owner by the underwriters of the property mortgaged, which shall be considered to have been mortgaged jointly with the estate even though not mentioned in the contract, provided the disaster shall have occurred after the constitution of the mortgage. By virtue of those provisions the proceeds of the insurance substitutes the house destroyed by fire and takes its place in the mortgage. For that reason, although money attached can be substituted by a bond in accordance with section 15 of the Act of 1902 to secure the effectiveness of judgments, however, in a case like the one at bar such substitution does not lie, as it does not relate to an ordinary attachment but to an attachment of funds which substitute the mortgaged house by operation of law, and which must be deposited until the obligation is canceled as provided by article 161 of the Mortgage Law Regulations, for which reason it must be bound to the results of the mortgage and not subjected to a bond which might call for further proceedings against the sureties in default of payment by the principal debtor.

In a summary foreclosure proceeding brought under the Mortgage Law and its Regulations, a mortgage creditor has the right to have the property sold forthwith at public auction if his credit is not paid within the time fixed by law; and if there is an indemnity for a house insured and destroyed, the proceeds of the indemnity forms part of what the creditor is to receive and it can be attached for that purpose; which attachment should not be substituted by a bond because it would convert the summary foreclosure proceedings into a

contested action against the sureties, and that is not the spirit of the Mortgage Law, which endeavors to give mortgage creditors a summary and speedy action for the recovery of their credits in the interest of landed credits in general.

The foregoing is applicable to ordinary actions for the recovery of a mortgage debt because it tends to facilitate the obtention of loans secured by real property.

For the reasons stated, the substitution of a bond for the money attached in this case was not proper, and the writ of certiorari must be discharged.

Mr. Justice Wolf and Mr. Justice Hutchison dissented.

Mr. Justice Wolf, dissenting.

As an attachment in ordinary form was issued in this case and as the money due from the insurance company was thus taken into possession I saw no adequate reason why the property attached should not be turned over by the substitution of a bond. The purpose of any attachment to secure the effectiveness of a judgment is, in case of final judgment, to give an immediate recourse to the creditor. While the object of the summary process of the Mortgage Law is to give an immediate recovery, the same reason inheres in an attachment to secure the effectiveness of a judgment. In both instances the object is immediate relief and the mortgage creditor is put to no greater inconvenience than a judgment creditor. Each would have to proceed against the sureties in case of a bond given.

Furthermore, while it is true that the idea of the Mortgage Law is to give immediate relief to the creditor it is likewise the idea of the said code to recognize the right of the debtor to begin an ordinary suit to recover back the property should the mortgage proceeding be unduly begun or wrongfully prosecuted. The situation of the creditor by reason of the destruction of the insured property might appeal to one, but so might the situation of the debtor.

I am authorized to state that Mr. Justice Hutchison agrees with this opinion.